[Civ. No. 3444. Third Appellate District.—February 17, 1928.]

E. CLEMENS HORST COMPANY (a Corporation), Appellant, v. COUNTY OF SACRAMENTO, Respondent.

J. Q. Brown, Jr., and Brobeck, Phleger & Harrison for Appellant.

Neil R. McAllister, District Attorney, and Alex J. Ashen, Assistant District Attorney, for Respondent.

FINCH, P. J.—This is an action to recover money paid as taxes on 1,000 bales of hops. The trial court sustained the defendant's general demurrer to the complaint and granted the plaintiff ten days to amend. Plaintiff elected

to stand upon the complaint and judgment was thereupon entered in favor of the defendant. The plaintiff has appealed from the judgment. The allegations of the complaint material to the questions presented by the appeal are:

"That said assessment was in violation of the provisions of Article One, Section Ten, of the Constitution of the United States providing that no state shall lay any imposts or duties on imports or exports, because the said property, against which said assessment was levied were, on the first Monday of March, 1924, ever since have been and still are, exports.

"That on April 8, 1920, a contract was made, and entered into by and between the E. Clemens Horst Company, plaintiff herein, hops growers of San Francisco, California, and Samuel Allsopp and Sons Ltd. of the City of Burton-on-Trent, England, whereby E. Clemens Horst Company was to sell and deliver to the said Samuel Allsopp and Sons Ltd., 1000 bales of hops grown on any of E. Clemens Horst Company's ranches, said hops to be forwarded to Burton-on-Trent, and/or delivered at Pacific Coast shipping points.

"That said 1000 bales of hops were grown on a ranch of the plaintiff in Sacramento County, California, generally known as the Brewer Ranch, and were, on or about October 1, 1923, sold by the plaintiff to the said Samuel Allsopp and Sons, Ltd., and title to said hops thereupon passed to said purchaser, but the possession of such hops was retained by the plaintiff for the purpose of forwarding and exporting the same to the City of Burton-on-Trent, England, for the said purchaser; and that thereafter and pursuant to such purpose and the said contract of the parties and with the intention on the part of the plaintiff and the said purchaser of exporting the said hops, the said 1000 bales of hops were started and forwarded on their export journey, consigned to such purchaser, and were transported from the place of production thereof, to-wit, the said Brewer Ranch in Sacramento County, California, to Hopfen Railroad Station at Sacramento, California.

"That heretofore, and prior to the said first Monday in March, 1924, a temporary embargo was imposed by the Government of the United Kingdom of Great Britain and

Ireland upon the transportation of hops, into the said last named country; that by reason of said embargo the exportation of said one thousand bales of hops was temporarily interrupted and said hops were temporarily left in possession and custody of the E. Clemens Horst Company and stored in the Lawrence Warehouse, City of Sacramento, County of Sacramento, State of California, by said Samuel Allsopp and Sons, Ltd., purchasers, owners, and consignees of said 1000 bales of hops. That said 1000 bales of hops are now in the course of exportation from this country to the United Kingdom of Great Britain and Ireland, and by reason thereof are not subject to taxation by said County of Sacramento.''

■ Respondent does not controvert appellant's statement that ''goods in course of exportation from this state to foreign countries are not subject to taxation by the state.'' For the purposes of this opinion, at least, it may be conceded, as stated by appellant, ''that from the moment when a shipper starts goods on a journey to a destination abroad with the intention that the journey shall be continuous and uninterrupted, the same are exports, and thereafter no temporary interruption of such a shipment alters its character as an export.'' The complaint, however, does not allege that the goods in question had been started on their journey on or before the first Monday in March, 1924. The allegation is that the hops were sold October 1, 1923, and ''that thereafter . . . the said 1000 bales of hops were started and forwarded on their export journey.'' If they were so started after the first Monday in March, they were properly assessed and taxed. Appellant concedes that ''the mere intention of an owner to export goods is insufficient to make the shipment one in interstate or foreign commerce.'' The allegation that the hops ''were, on the first Monday in March, 1924, ever since have been and still are exports'' is not a statement of fact but a mere conclusion. It is alleged that the hops ''are now in the course of exportation,'' but the plaintiff, throughout the complaint, has carefully refrained from alleging that they were in course of shipment or exportation on the first Monday of March, 1924. The complaint is so clearly defective by reason of the omissions

mentioned that a consideration of the questions of law discussed in the briefs is deemed unnecessary.

The judgment is affirmed.

Hart, J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 17, 1928.